UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
SEP 16 2015

| | |
|---|---|
| PERFETTI VAN MELLE USA INC., and PERFETTI VAN MELLE BENELUX B.V., <br><br>Plaintiffs,<br><br>vs.<br><br>MIDWEST PROCESSING, LLC, and DEXTER JORGENSEN,<br><br>Defendants. | 4:15-CV-04093-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION FOR LEAVE TO SERVE SUBPOENA ON SILVER DOLLAR SALES, INC. |

Plaintiffs Perfetti Van Melle USA, Inc. and Perfetti Van Melle Benelux B.V. (collectively "Perfetti") arranged through a third party named Advanced Environmental, Inc. ("Advanced Environmental") for Defendants Midwest Processing, LLC ("Midwest") and Dexter Jorgensen ("Jorgensen") to recycle Airheads Xtremes® Bites candy that Perfetti had manufactured but deemed unsalable. Perfetti sued Defendants in this Court after learning that Defendants had diverted the Airheads Xtremes® Bites to retail stores for sale rather than recycling them. This Court granted a preliminary injunction against Defendants enjoining them from distributing or selling Airheads Xtremes® Bites and requiring them to produce an accounting explaining to whom they sold the candy and the amount of profits they received from doing so. Doc. 24.

Because Defendants had failed to answer or otherwise respond to Perfetti's Complaint, the Clerk of Court entered default on liability issues against Defendants on June 25, 2015. Doc. 30. Perfetti moved for an entry of default judgment under Federal Rule of Civil Procedure

1

55(b)(2) later that same day. Doc. 31. In its brief accompanying that motion, Perfetti requested that this Court either schedule a hearing or allow briefing on the issue of damages before entering judgment against Defendants. Doc. 32.

Thereafter, Defendants retained counsel and submitted two responses to this Court's order for an accounting. Docs. 38, 39. In the first response, Defendants stated that they sold eight truckloads of Airheads Xtremes® Bites to Silver Dollar Sales for $6,000 a truckload. Doc. 38. Defendants explained that the $6,000 per a truckload price "was reduced by amount Defendants had to pay Advanced for the product or the transportation cost. After all costs were deducted, Defendants net profit per load was $2,000, for a total profit of $16,000.00." Doc. 38. Defendants further explained that they paid Advanced Environmental "approximately $4,000.00 per load of packaged product."[1] Doc. 38. In their second response, Defendants again stated that they made $16,000 in total profit but gave a different accounting of their costs. Doc. 39. Specifically, Defendants said that they paid Advanced Environmental $2,000 per load of candy and then sold the loads to Silver Dollar for $6,000 a load, minus $2,000 per load for shipping costs borne by Silver Dollar. Doc. 38.

On August 14, 2015, Perfetti filed the present motion seeking leave to subpoena Silver Dollar Sales and requesting that this Court set a briefing schedule on damages. Docs. 40, 41. Defendants have not responded to Perfetti's motion and the time for doing so has now passed. D.S.D. Civ. LR 7.1.B. For the reasons explained below, this Court grants Perfetti's motion.

Federal Rule of Civil Procedure 26(d)(1) provides in relevant part: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . .

---

[1] In support of their motion for a preliminary injunction, Perfetti submitted an affidavit from an Advanced Environmental employee stating that Defendants had paid Advanced Environmental $1,000 a truckload for each of ten loads of packaged candy. Doc. 9-3 at 2.

2

when authorized by these rules, by stipulation, or by court order." Here, Defendants are in default and no Rule 26(f) conference has occurred or will occur. Thus, Perfetti asks this Court for an order permitting it to serve Silver Dollar with a subpoena *duces tecum*.

District courts within the Eighth Circuit have permitted discovery before a Rule 26(f) conference upon a showing of "good cause." See Progressive Cas. Ins. Co. v. Fed. Deposit Ins. Co., 283 F.R.D. 556, 557 (N.D. Iowa 2012) (explaining that the majority of courts, including district courts within the Eighth Circuit, use the "good cause" standard when evaluating a request for early discovery under Rule 26(d)(1)). Good cause exists when "the need for expedited discovery, in consideration of administration of justice, outweighs prejudice to [the] responding party." Id. (alteration in original) (quotation omitted). Courts "frequently" find good cause "in cases involving claims of infringement and unfair competition." Pod-Ners, LLC v. N. Feed & Bean of Lucerne LLC, 204 F.R.D. 675, 676 (D. Colo. 2002).

Here, Perfetti has demonstrated good cause to serve a subpoena on Silver Dollar. At this time, there is a discrepancy in the record concerning the amount Silver Dollar paid for the Airheads Xtremes® Bites. In addition, Perfetti contends that "Defendants' accountings are incomplete in that both fail to include the single load of Airheads Xtremes® Bites picked up by Defendants' trucking agent in February 2015 and blind shipped to Silver Dollar in Mississippi." Doc. 41 at 4. Silver Dollar will be able to confirm the amount that it paid per load of Airheads Xtremes® Bites as well as the number of loads it purchased. Granting Perfetti access to this information will help Perfetti prove its claims for damages and bring this case to a timely end. Moreover, allowing Perfetti to subpoena Silver Dollar will not cause Silver Dollar any significant prejudice; the subpoena is narrow in scope and should not be overly burdensome to which to respond.

3

Perfetti also sought for this Court to set a briefing schedule or alternatively to set a hearing under Rule 55 of the Federal Rules of Civil Procedure on damages. Perfetti did not suggest dates for such a briefing schedule or the timeframe for a hearing. After Perfetti receives discovery from Silver Dollar Sales, Perfetti is invited to file proposed dates for a briefing schedule on damages.

For the reasons stated above, it is hereby

ORDERED that Plaintiffs' Motion for Leave to Serve Subpoena on Silver Dollar Sales, Inc. and Set a Briefing Schedule on Damages under Fed. R. Civ. P. 55, Doc. 40, is granted.

DATED this 16th day of September, 2015.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE