UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



**FILED**
MAY 20 2016
CLERK

| | |
|---|---|
| PERFETTI VAN MELLE USA INC., and PERFETTI VAN MELLE BENELUX B.V., <br><br> Plaintiffs, <br><br> vs. <br><br> MIDWEST PROCESSING, LLC, and DEXTER JORGENSEN, <br><br> Defendants. | 4:15-CV-04093-RAL <br><br><br> ORDER DENYING MOTION TO QUASH |

On March 30, 2016, this Court entered final judgment against Defendants Midwest Processing and Dexter Jorgensen in the amount of $271.913.03. Doc. 53. On April 20, 2016, the United States Marshals Service served a writ of execution on First Dakota National Bank (FDNB) for any accounts owned by Defendants. Doc. 57. FDNB employees informed the marshals that they would need the approval of counsel before they could give the marshals any of Defendants' money. Doc. 57. On May 2, 2016, Plaintiffs served a subpoena duces tecum on FDNB seeking documents related to any accounts in which Defendants have an interest. Doc. 61-1. FDNB filed a response to the writ of execution on May 6, 2016, stating that Defendants are indebted to FDNB in excess of the judgment and that FDNB is entitled to an offset against

1

any third-party garnishments. Doc. 59. Thereafter, Defendants moved to quash Plaintiffs' subpoena to FDNB, Doc. 60, and Plaintiffs filed a brief in opposition, Doc. 61.[1]

Defendants as the moving party bear the burden of showing that the subpoena to FDNB should be quashed. 9 James Wm. Moore et al., Moore's Federal Practice § 45.50[2] (3d ed. 2015). Defendants' argument in support of their motion consists of a single sentence: "In addition to the subpoena being immaterial, irrelevant, overbroad and unreasonable, the subpoena asks for documents that are privileged." Doc. 60. These sort of conclusory allegations are insufficient to meet Defendants' burden. See Int'l Ass'n of Machinists & Aerospace Workers v. P & B Transp., No. 3:05-cv-1083-j-32MCR, 2007 WL 4145974, at *2 (M.D. Fla. Nov. 19, 2007) (denying motion to quash that contained nothing more than conclusory statements); Sherwood v. Michelin N. Am., Inc., No. 7:06-CV-93 (HL), 2007 WL 431090, at *2 (M.D. Ga. Feb. 2, 2007) (denying motion to quash where moving party provided only "vague averments" rather than describing the allegedly privileged documents). Further, the subpoena is narrowly tailored to discover documents that are relevant and material to Plaintiffs' recovery of the judgment against Defendants. For these reasons, it is hereby

ORDERED that Defendants' motion to quash the subpoena, Doc. 60, is denied.

DATED this 20th day of May, 2016.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

---

[1]Defendants' motion seeks an order quashing the "Subpoena Duces Tecum directed to Dexter G. Jorgensen served upon Defendant on May 2, 2016." Doc. 60. There is nothing in the record suggesting that Plaintiffs served a subpoena on Jorgensen on May 2, 2016. Plaintiffs have interpreted Defendants' motion as seeking to quash the May 2, 2016 subpoena to FDNB and this Court does so as well.